**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PREPARED FOOD PHOTOS, INC.,

    *Plaintiff*,

    v.

NEW KIANI'S PIZZA & SUBS, INC.,

    *Defendant*

Civil Action No.
23-926-JRR

**REPORT AND RECOMMENDATION**

Pending before the Court is a motion for default judgment filed by Plaintiff, Prepared

Food Photos, Inc. ("PFP"), which has been referred to the undersigned for a report and

recommendation. ECF No. 12. PFP alleges in its April 6, 2023 complaint, ECF No. 2

("Compl."), that Defendant, New Kiani's Pizza & Subs, Inc. ("Kiani's"), used a copyrighted

photograph allegedly created by PFP, on Defendant's website, without authorization and in

violation of the United States Copyright Act, 17 U.S.C. § 101, *et seq.* PFP moved for entry of

default after Kiani's failed to properly respond to the complaint, which the Clerk of Court

entered on May 8, 2024. ECF Nos. 6 & 7.[1] In due course, PFP filed the pending motion for

default judgment. ECF No. 11 ("Mot."). For the reasons that follow, the undersigned

recommends that the Court grant the motion for a default judgment in the amount of $1,000 and

award attorneys' fees and costs of $3,509.50 for a total award of $4,509.50.

---

[1]     On May 17, 2023, a non-attorney individual attempted to file an answer to the complaint
on behalf of Defendant, but it was stricken because an entity party may not be self-represented,
but must instead be represented by counsel. ECF Nos. 9 & 10; *see* Loc R. 101(1)(a) ("All parties
other than individuals must be represented by counsel"); *Rowland v. California Men's Colony,
Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better
part of two centuries . . . that a corporation may appear in the federal courts only through
licensed counsel.") (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.
Ed. 204 (1824)).

I.      FACTS[2]

PFP licenses its library of food-related photographs to clients in the food industry,

including advertising agencies, grocery stores, restaurant chains, and food service companies, for

a minimum monthly fee of $999. Compl. ¶¶ 6-8; Mot. at 2 ¶ 6; *id*. at 3 ¶ 9 ("[T]he bulk of

Plaintiff's subscribers are professional ad agencies that develop weekly ads/grocery store

websites for their own 'end users' (i.e., grocery stores, meat/dairy sellers, etc.).").  PFP's

licensing terms require a minimum of a twelve-month licensing commitment. Compl. ¶ 9; Mot.

at 2 ¶ 7. PFP allegedly created the photo at issue, "ChickenWingBuffalo028" (the "photo"), in

2001 and registered it with the Copyright Office on September 29, 2016. Compl. ¶¶ 11-12.

Kiani's is a small pizza and wings restaurant in Cantonsville, Maryland. Compl. ¶ 14.

According to archived versions of the Kiani's website accessible through the Internet Archive,

also known as the Wayback Machine, *see* https://archive.org/web/, the photo appeared on the

website without PFP's authorization at least during the period January 2022 through March

2023. Compl. ¶¶ 16, 18; Mot. at 14.

PFP attempted, without success, to contact Kiani's about the infringement on at least 7

occasions. Compl. ¶ 21; Mot. at 5 ¶ 23. PFP then filed this case on April 6, 2024, and, having

obtained an entry of default on May 8, 2024, moved for default judgment on August 22, 2023.

---

[2]      "Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). This fact section is comprised of PFP's allegations, taken as true.

ECF Nos. 2, 8, 11. The undersigned held hearings on the motion on February 22, 2024, and

March 6, 2024. ECF Nos. 16 & 18.[3]

## II.     LEGAL STANDARD

Pursuant to Rule 55, "[w]hen a party . . . has failed to plead or otherwise defend . . . , the

clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, unless the "claim is for a

sum certain," the party seeking default judgment "must apply to the court." Fed. R. Civ. P. 55(b).

"Entry of default judgment is left to the discretion of the court." *Lawbaugh*, 359 F. Supp. 2d at

421. The court must determine whether the well-pled allegations in the complaint, taken as true,

state a valid claim for relief. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.

2001). If the court determines that the complaint states a valid claim and default judgment is

warranted, it must then determine the appropriate damages. *Anderson & Strudwick, Inc. v. IBD-*

*Placement & Recruiting Servs.*, LLC, No. 3:11CV818-HEH, 2012 WL 1656504, at *2 (E.D. Va.

May 10, 2012) (citing *Ryan*, 253 F.3d 780-81); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—

*other than one relating to the amount of damages*—is admitted if a responsive pleading is

required and the allegation is not denied.") (emphasis added).

## III.    DISCUSSION

### A.     Liability

First, the undersigned must determine if PFP has stated a valid claim for copyright

infringement. "Anyone who violates any of the exclusive rights of the copyright owner . . . is an

infringer of the copyright." 17 U.S.C. § 501(a). "[T]o establish infringement, two elements must

be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the

---

[3]      No counsel appeared for Kiani's at the first hearing. An attorney appeared at the second hearing asserting that he was in the process of entering his appearance on behalf of Kiani's, but has not entered an appearance as of the date of this Report and Recommendation.

work that are original." *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004)

(quoting *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

PFP alleges that it is the owner of the photo, which it allegedly created in 2001 and

registered with the Copyright Office on September 29, 2016. Compl. ¶¶ 11-13.[4] Attached to the

complaint is the Certification of Registration for the photo. *Id.* Ex. A. PFP also alleges that

Kiani's copied and used the exact photo owned by PFP during an approximately fourteen-month

period without authorization. *Id.* ¶¶ 16-18; Mot. at 14 ("Defendant has published/displayed the

Work on its website since at least January 19, 2022 through March 30, 2023."). PFP further

stated, through counsel at the February 22, 2024 hearing, that it does not know whether such

alleged infringement began before or after the copyright was registered in September 2016, but

as far as its research has determined, it is not presently aware of alleged infringement pre-dating

PFP's registration.[5] These allegations sufficiently state a valid claim that PFP owns the rights to

the photo and Kiani's violated PFP's copyright by copying and using the photo. Thus, the

undersigned recommends that the Court grant default judgment in PFP's favor.

---

[4]      As noted above, because Defendant has defaulted, the Federal Rules of Civil Procedure
require that the Court accept PFP's allegations as true. As also noted above, Kiani's filed a pro se
answer. That answer is invalid because it was not filed by counsel, but the Court notes that, in
that (procedurally improper) answer, New Kiani's alleged that it purchased the photo at issue,
and did so from another purveyor of stock photos in 2010, long before PFP alleges that it
registered its copyright over the photo. For present purposes, however, the Court is constrained
to assume that Defendant's use of the photo on its website post-dated PFP's registration and
infringed PFP's copyright.

[5]      If infringement began before registration, PFP would not be entitled to statutory damages.
17 U.S.C. § 412(2) ("[N]o award of statutory damages or of attorney's fees, as provided by
sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first
publication of the work and before the effective date of its registration, unless such registration is
made within three months after the first publication of the work."); *Bouchat v. Bon-Ton Dep't
Stores, Inc.*, 506 F.3d 315, 331 (4th Cir. 2007) (explaining operation of § 412(2)).

**B.      Damages**

PFP has elected to pursue statutory damages pursuant to 17 U.S.C. § 504(c). Under

Section 504(c), a court may award statutory damages of "not less than $750 or more than

$30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the court finds that the

infringement was willful, it may award statutory damages up to $150,000. *Id.* § 504(c)(2).

PFP contends that a reasonable starting point for statutory damages would be its "actual

damages," measured by the licensing fees it alleges it would have received from Kiani's, had

Kiani's subscribed to PHP's $999-per-month service from January 2022 through March 2023,

keeping in mind that PHP's licensing terms require a minimum of a twelve-month licensing

commitment. Mot. at 12-14, 18. This amounts to two years at $11,988 per year, for a total of

$23,976 in alleged actual damages. *Id.* at 14. Moreover, PFP contends that the infringement was

willful, and thus deserving of heightened monetary penalties. *See, e.g.*, *EMI Apr. Music, Inc. v.*

*White*, 618 F. Supp. 2d 497, 508 (E.D. Va. 2009) (providing that in cases of willful infringement,

"courts have routinely awarded statutory damages in amounts that arc between two and three

times license fees"). Here, PFP requests a 2-times modifier for willfulness, and thus it seeks

$47,952 in statutory damages. Mot. at 18-19.

Under these circumstances, the undersigned does not agree with PFP's calculation of its

actual damages. "Under the lost licensing fee theory, actual damages are generally calculated

based on 'what a willing buyer would have been reasonably required to pay to a willing seller for

[the] plaintiffs' work.'" *Dash v. Mayweather*, 731 F.3d 303, 313 (4th Cir. 2013) (quoting *Jarvis*

*v. K2 Inc.*, 486 F.3d 526, 533 (9th Cir. 2007)). "'The question is not what the owner would have

charged,' nor what the infringer might have been willing to pay"; instead, "the objective inquiry

focuses on the fair market value of the work as 'negotiat[ed] between a willing buyer and a

5

willing seller' contemplating the use the infringer made." *Id.* (quoting *On Davis v. The Gap, Inc.*,

246 F.3d 152, 166 & 172 (2d Cir. 2001)). Here, no reasonable buyer would pay $23,976 for the

rights to one photo to be used on a small restaurant's website for fourteen months.

Regarding willfulness, it is PFP's burden to establish that Kiani's infringement was

willful. 17 U.S.C. § 504(c)(2). And although a defaulting defendant "is deemed to have admitted

the factual allegations against him on default, he is not deemed to have accepted [the plaintiff's]

legal argument as to willfulness." *Malibu Media, LLC v. [Redacted]*, No. CCB-15-1700, 2016

WL 245235, at *2 (D. Md. Jan. 21, 2016). Infringement is willful when "the defendant 'has

knowledge,' either actual or constructive, 'that its actions constitute an infringement,' or

recklessly disregards a copyright holder's rights." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*,

243 F.3d 789, 799 (4th Cir. 2001) (quoting *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d

1110, 1115 (2d Cir. 1986), and citing *N.A.S. Import Corp. v. Chenson Enter.*, 968 F.2d 250, 252

(2d Cir. 1992)).

PFP alleges that Kiani's conduct was willful because PFP

> took the extra step of notifying Defendant of its infringement pre-
> lawsuit. Defendant's refusal to pay a reasonable licensing fee,
> refusal to substantively communicate, and refusal to participate in
> this lawsuit demonstrates that Defendant had actual knowledge, or
> at least acted with reckless disregard, of the fact that its conduct
> infringed upon Plaintiff's exclusive copyrights in the Work.

Mot. at 11. The undersigned is not convinced that PFP has met its burden of establishing

willfulness. For example, after being notified of the infringement but before PFP filed suit,

Kiani's removed the photo from its website. *See* Mot. at 14 (stating that Kiani's used the photo

"through March 2023") and Compl. at 9 (indicating the complaint was filed on April 6, 2023).

Moreover, although Kiani's failure to retain counsel to enter an appearance and litigate this case

entitles PFP to a default judgment, that failure simply has no bearing on whether, at the time

Kiani's placed the photograph of chicken wings on its website, or before it removed the

photograph from its website, it knew that doing so may have violated PFP's copyright. Thus, the

undersigned does not recommend adding a multiplier for willfulness.

Next, the undersigned will suggest appropriate damages. "The Copyright Act allows

district courts wide discretion in setting damage amounts." *Arista Recs. LLC v. Gaines*, 635 F.

Supp. 2d 414, 418 (E.D.N.C. 2009) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344

U.S. 228, 231-32 (1952)). In exercising this broad discretion, and in addition to willfulness,

courts have considered myriad factors, including (1) "whether, and how much, the defendant

profited or saved in connection with the infringement"; (2) "plaintiff's actual losses"; (3)

"whether the plaintiff's request would result in a 'windfall'"; and (4) "the deterrent effect of

statutory damages." *Malibu Media, LLC*, 2016 WL 245235, at *2; *Arista Recs. LLC*, 635 F.

Supp. 2d at 418. As stated, the undersigned does not agree with PFP's actual damage

calculations and does not consider them to be a legitimate starting point for establishing

appropriate statutory damages. *Dash*, 731 F.3d at 313.

Because Kiani's has failed to file a valid response or adequately participate in the

litigation, some of the factors listed above are more difficult to analyze. Nonetheless, the

undersigned finds it highly unlikely that one photo of buffalo wings on Kiani's website generated

any significant profit for Kiani's that it would not have otherwise received. And while PFP does

not license its photos for less than $999 per month, there are many competing stock image

companies that offer $30 per month subscriptions or *a la carte* options per picture.[6] PFP alleged

---

[6]     *See, e.g.*, Adobe, https://stock.adobe.com/teams ($29.99/month for 10 assets per month);
iStock, https://www.istockphoto.com/plans-and-pricing ($29-40/month for a basic subscription);
Getty Images, https://www.gettyimages.com/plans-and-pricing ($175 per small image and $375
per medium image); Shutterstock, https://www.shutterstock.com/pricing ($29 for 2 downloads
and $29-$49/month for ten downloads per month). The undersigned takes judicial notice of the

that its customer base is generally comprised of ad agencies and large food-related chains,

Compl. ¶ 8; Mot. at 3 ¶ 9, not small restaurants like Kiani's. PFP has not shown that Kiani's

would have subscribed *to PFP's* service, as opposed to a competing and far less expensive

service, which bears directly on whether PFP can show any actual damages for the alleged

infringement. *See Dash*, 731 F.3d at 313 (providing that the "the objective inquiry focuses on the

fair market value of the work as negotiated between a willing buyer and a willing seller

contemplating the use the infringer made.") (cleaned up). Thus, in light of the monthly

subscription fees of other stock photo companies, *see* n.6, *supra*, the undersigned concludes that

Kiani's likely saved no more than $420 by using PFP's photo for free for fourteen months

($30/month x 14 months) rather than paying $30 per month elsewhere for a similar photo (not to

mention costing far less for a single photo under the available *a la carte* options).

Given the likelihood that Kiani's would not have subscribed to PFP's service, PFP likely

has little actual loss. The undersigned recognizes that Kiani's use of the photo may have diluted

the exclusivity of the photo, and thus the Court must presume there is some abstract loss. But,

given that Kiani's and small restaurants like it are not PFP's target demographic even by PFP's

---

pricing advertised on these websites pursuant to Federal Rule of Evidence 201 as facts that are "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *See Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) ("A court may take judicial notice of information publicly announced on a party's web site, so long as the web site's authenticity is not in dispute and 'it is capable of accurate and ready determination.'") (quoting Fed. R. Evid. 201(b) and citing *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007)); *Rodgers v. Eagle All.*, 586 F. Supp. 3d 398, 409 n.1 (D. Md. 2022) (taking judicial notice of information on a party's website and explaining that "[t]he Court may take judicial notice of adjudicative facts under Federal Rule of Evidence 201" which, "[b]roadly speaking . . . includes 'factual information found on the world wide web'") (quoting *O'Toole*, 499 F.3d at 1225); *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 516 n.8 (D. Md. 2014) (taking judicial notice "of the content of the website of the American Psychological Association pursuant to Fed. R. Evid. 201").

own admission, *see* Compl. ¶¶ 6-8; Mot. at 2 ¶ 6; *id*. at 3 ¶ 9, the loss would be minimal. The

undersigned also concludes that the amount of damages sought by PFP would be a windfall,

given the forgoing damages analysis and the fact that Kiani's may have only used the photo for

fourteen months. Finally, the undersigned recognizes the importance of deterring copyright

violations and factors that into the recommendation. *See MTI Enter., Inc. v. Theaterpalooza*

*Cmty. Theater Prods., Inc.*, No. 118CV650TSEIDD, 2018 WL 6928927, at *5 (E.D. Va. Dec. 7,

2018), *report and recommendation adopted sub nom.*, No. 1:18CV650, 2019 WL 99267 (E.D.

Va. Jan. 3, 2019) ("In determining the appropriate statutory award, courts consider deterrence of

the wrongful conduct.") (citing *F.W. Woolworth Co.*, 344 U.S. at 233).

Balancing these factors, the undersigned recommends statutory damages in the amount of

$1,000, which is more than the statutory minimum, and far more than Kiani's would have paid

elsewhere for a similar photo had it not used PFP's photo without permission. $1,000 will more

than adequately compensate PFP for Defendant's use of the photo, and, along with attorneys'

fees as discussed below, will act as an adequate deterrent to a small business such as Kiani's.

### C.    Injunction

PFP seeks a permanent injunction against Kiani's, precluding it from infringing on any of

PFP's works again. "Any court having jurisdiction of a civil action arising under this title may,

subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on

such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17

U.S.C. § 502(a). PFP contends that if Kiani's used one of its photos again, PFP would be

irreparably harmed and have no adequate remedy at law. To be entitled to injunctive relief,

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable
> injury; (2) that remedies available at law, such as monetary
> damages, are inadequate to compensate for that injury; (3) that,
> considering the balance of hardships between the plaintiff and

defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (quoting

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

PFP asserts that "any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law" because Defendant's use of the photo "greatly impairs the market value of the work" since others may not want to obtain a license for the photo from PFP if they see Kiani's using it for free. Mot. at 21. Given that Kiani's no longer uses the photo, the undersigned finds this fear is largely unfounded. However, "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Christopher Phelps & Assocs., LLC*, 492 F.3d at 544. Moreover, it is possible Kiani's could infringe on PFP's rights in the future, and "where calculation of damages and profits for each future event might be possible, the impracticality of doing so because of the speculation and guesswork militates in favor of finding that money damages are inadequate remedies." *EMI Apr. Music, Inc.*, 618 F. Supp. 2d at 511 (citing *Christopher Phelps & Assocs., LLC*, 492 F.3d at 544). It is also unlikely that such an injunction would cause any damage to Kiani's, as it is no longer using the photo and Kiani's can easily obtain other similar photos through other stock image suppliers (or take its own food photos). Finally, an injunction would not work any disservice to the public interest, and instead, likely would support the public's interest. *See id.* ("It is easy to understand that the public interest reflected in the Constitutional protection of copyright, and the congressional enactment of the Copyright Act, is enhanced by issuance of a permanent injunction where copyright infringement

has taken place."). Thus, the undersigned recommends that the Court exercise its discretion and enter the following permanent injunction:

> Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, are permanently enjoined from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from the copyrighted photograph at issue in this case (the "Photo"), or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

**D.      Attorneys' Fees and Costs**

PFP, the prevailing party, seeks its attorneys' fees and costs. In a copyright action, "the court in its discretion may allow the recovery of full costs by or against any party" and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In determining whether to grant attorneys' fees and costs to a prevailing party under section 505, the Fourth Circuit has articulated four factors for consideration: "(1) the motivation of the parties, (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented." *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505 (4th Cir. 1994).

First, PFP's motivation appears, at least in part, to be to protect its copyrights. Second, taking PFP's allegations as true, PFP's legal position on liability is reasonable in that PFP is entitled to default judgment having established its rights and the violation thereof. Third, awarding fees will further help to deter future infringement in conjunction with the default

judgment award. Thus, the undersigned recommends that the Court grant PFP's attorneys' fees and costs.

Having found that PFP's counsel is entitled to fees, the undersigned must now determine if the requested fees are reasonable. Courts find rates reasonable that are commensurate with the "'prevailing market rates in the relevant community' for the type of work for which [counsel] seeks an award." *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987) (quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984)).

PFP seeks $3,022.50 in fees and $487.00 in costs, for a total of $3,509.50. According to the affidavit of Daniel DeSouza, two attorneys and one paralegal worked on the case. Mot. Ex. B. Mr. DeSouza, an attorney of twenty-years' experience, billed one hour at $450 per hour. *Id.* ¶¶ 14-15. His associate, Lauren Hausman, an attorney of three-years' experience, billed 7.80 hours at $325.00 per hour. *Id.* Their paralegal, Denise Sosa, with twenty-nine years' experience, billed .30 hours at $125 per hour. *Id.* These rates are within the reasonable range for this geographic community. *See Aldmyr Sys., Inc. v. Friedman*, 215 F. Supp. 3d 440, 468 (D. Md. 2016), *aff'd*, 679 F. App'x 254 (4th Cir. 2017) ("[A] reasonable rate for an attorney who has been admitted to the bar for 20 years or more is $300-$475."); *Banilla Games, Inc.*, 2022 WL 17085953, at *10 ("The Court has found rates between $240.00 and $400.00 to be a reasonable hourly rate in cases involving copyright infringement.").

Moreover, a review of PFP's counsel's bill shows that the hours expended appear reasonable, as do the costs incurred. Mot. Ex. B-1 (showing billing for drafting the demand

package, complaint, request for default, and motion for default judgment, as well as associated

filing, and costs for filing and serving the complaint).

Thus, the undersigned recommends that the Court award PFP attorneys' fees and costs in

the amount of $3,509.50.

**VI.     CONCLUSION**

The undersigned RECOMMENDS that the Court (1) GRANT the motion for default

judgment in PFP's favor; (2) award damages in the amount of $1,000; (3) enter a permanent

injunction against Kiani's as set forth above; and (4) award PFP attorneys' fees and costs of

$3,509.50.

**V.     NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b), failure to file written

objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge

contained in this report within fourteen days after being served with a copy of this report will

result in the waiver of any right to a *de novo* review of the determinations contained in the report.

Such failure shall bar you from challenging on appeal the findings and conclusions accepted and

adopted by the District Judge, except upon grounds of plain error.


Date: March 8, 2024                                         _____/s/_____

                                                           Adam B. Abelson
                                                           United States Magistrate Judge