UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**PREPARED FOOD PHOTOS, INC.**

*Plaintiff,*

v.                                                                                  Civil No. 1:23-CV-926-JRR

**NEW KIANIS PIZZA & SUBS, INC.**

*Defendant.*

## MEMORANDUM OPINION AND ORDER OF JUDGMENT

The court has before it United States Magistrate Judge Adam B. Abelson's Report and Recommendation at ECF No. 20 recommending that the court grant the Motion for Default Judgment at ECF No. 11, award Plaintiff damages, and enter a permanent injunction in favor of Plaintiff. Plaintiff Prepared Food Photos, Inc. ("PFP") filed timely objections (ECF No. 21), calling for this court to review *de novo* any "part of the magistrate judge's disposition" to which a party has properly objected. Local Rule 301.5(b); FED. R. CIV. P. 72(b)(3).

PFP objects to two aspects of the Report and Recommendation: the recommended award of $1000 in compensable damages; and the conclusion that PFP did not prove Defendant's willfulness under the Copyright Act. No objection was filed as to the recommended award of attorneys' fees or entry of permanent injunctive relief. For the reasons set forth herein, the court accepts and adopts the recommended disposition as to granting the Motion for Default Judgment at ECF No. 11, awarding attorneys' fees and costs (including the amount), and entering permanent injunctive relief, as well as the legal analyses in support of same; the court sustains the objections at ECF No. 21, and overrules the Report and Recommendation regarding Defendant's willful copyright infringement and as to the award of compensable damages.

*Willful Copyright Infringement*

The court finds that Defendant's infringement of PFP's copyright was willful as set forth in the Copyright Act, 17 U.S.C. § 504(c)(2), and, therefore, that Plaintiff is entitled to statutory damages as set forth below. Defendant's default in this action is adequate basis on which to find it acted willfully; however, the court need not rely on that procedural mechanism. Here, the Complaint at ECF No. 2, including its exhibits, demonstrate in great detail and to the court's satisfaction that Defendant willfully infringed PFP's copyright.

Specifically, the court finds:

PFP is in the business of licensing photographs for commercial use;

PFP's standard licensing agreement requires a minimum of twelve months of subscription at no less than $999/month for access to its photo libraries where the Work resides and is available for commercial licensure. Plaintiff's licenses are non-assignable, non-transferrable, and may not be sub-licensed;

PFP has held a copyright registration in the work (a photo) titled ChickenWingBuffalo028 (the "Work") at least since September 29, 2016;

Defendant owns and operates a restaurant in Maryland with a website through which it advertises, including the features of its menu;

Defendant has never licensed the Work;

Defendant published the Work on its website for commercial purposes in connection with marketing and advertising its restaurant, which sells, *inter alia*, chicken wings; evidence of this is set forth at Exhibit B (ECF No. 2-2) to the Complaint – Defendant's website using the Work to advertise its chicken wings menu;

Before instituting this action on April 26, 2023, PFP notified Defendant that Defendant was in violation of the Copyright Act by infringing PFP's rights in the Work, offered to extend Defendant a license to use the Work, and otherwise demanded that Defendant cease and desist its infringement of the Work;

Defendant did not license the Work, did not cease its infringing use of the Work, and did not participate in any manner in this action; and continued to infringe the Work as of the date of filing of this action;

Defendant's website employs use of the international Copyright notice © tending to demonstrate its awareness of the significance of copyright protection and the concept of infringement.

Against this backdrop, the court finds that Defendant willfully infringed on PFP's copyright interest in the Work.

*Damages Calculation*

Inasmuch as Defendant's profits attributable to the infringement are effectively unknowable, the court calculates PFP's actual damages based on the objective standard of the "willing buyer." The court accepts and finds persuasive the attestation of Rebecca Jones (ECF No. 11-1) that PFP's subscribers pay at least $999 per month for subscriptions of at least 12 months in duration, which subscriptions entitle a subscriber to the entirety of PFP's approximately 18,000-photo library with no monthly download cap. That Defendant may not have availed itself of that license structure had it opted to license (*i.e.*, use lawfully) a photographic work for its commercial use is of no moment, as these figures represent PFP's actual loss in connection with the Work. That Defendant effectively stole a copyright protected work for its commercial use and benefit that

3

it would not have agreed to pay for in an open market will not inure to the benefit of Defendant once it is caught.

The court finds that the Copyright's Act's objectives of encouraging artistic works and deterring acts of infringement (by protecting authors and those who own rights in creative works) are not met by awarding damages using the above-described actual loss approach.  In view of the foregoing, the court agrees to award PFP more than the statutory minimum based on Defendant's willful infringement, the deterrent and punitive mechanism that is key to ensuring protection, and encouragement of, creative works, and in view of the many months' long and expensive hassle PFP endured to prevail.  The court finds an award of Plaintiff's actual damages with a multiplier of two restrained and appropriate.

Therefore, the court will award compensable damages of $47,952.00 (annual subscription of $999 x 2 = $23,976.00 for the known duration of the infringement; plus a multiplier of 2 per 17 U.S.C. §504(c)(2)).

Therefore, it is this 25th day of March 2024

**FOUND and ORDERED** that the Motion for Default Judgment at ECF No. 11 shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that **JUDGMENT shall be entered in favor of Plaintiff** Prepared Food Photos, Inc., and **against Defendant** New Kianis Pizza & Subs, Inc.; and **DEFENDANT SHALL PAY TO PLAINTIFF DAMAGES OF $51,461.50,** reflecting $47,952.00 in damages pursuant to 17 U.S.C. § 504(c)(2) plus $3,509.50 in attorneys' fees and costs; and further it is

**ORDERED** that Defendant New Kianis Pizza & Subs, Inc., its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, are **permanently enjoined** from (a) directly or indirectly

infringing Plaintiff Prepared Food Photos, Inc.'s copyright, or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from the photograph at issue in this case as displayed in the Complaint at ECF No. 2 ¶ 11, and registered with the Register of Copyrights as No. VA 2-019-412, or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted work owned by Plaintiff; and further it is

**ORDERED** that Madam Clerk shall transmit a copy of this order to the address/es of record for Defendant as set forth in the summons issued to same, and close this case.

/S/

_____
Julie R. Rubin
United States District Judge

March 25, 2024