IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PREPARED FOOD PHOTOS, INC.,** | |
| *Plaintiff,* | |
| v. | Civil No.: 1:23-cv-00926-JRR |
| **NEW KIANIS PIZZA & SUBS, INC.,** | |
| *Defendant.* | |

## MEMORANDUM OPINION

Pending now before the court is Defendant New Kiani's Pizza & Subs, Inc.'s Motion to Vacate, Dismiss Writ of Garnishment and for Leave to File an Answer to Complaint (ECF No. 29; the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Motion will be denied.

## I.    BACKGROUND

For economy of space and time, the court incorporates the factual background recited in section I of the Honorable Adam A. Abelson's Report and Recommendation at ECF No. 20. Briefly, Plaintiff Prepared Food Photos, Inc., moved for Clerk's entry of default on May 5, 2023. (ECF No. 6.) After entry of same, Plaintiff filed its motion for default judgment (ECF No. 11), which this court referred to then-Magistrate Judge Abelson for a Report and Recommendation.[1] (ECF No. 12.) Judge Abelson convened two hearings on the motion for default judgment. (ECF Nos. 16, 18.) Defendant was represented by counsel at the second hearing on March 6, 2024; counsel noted that he was in the process of entering his appearance.[2] (ECF No. 20 at p. 3 n.3.)

---

[1] Judge Abelson was a United States Magistrate Judge at the time of his Report and Recommendation. He is now a United States District Judge.
[2] Plaintiff's response to the Motion attaches a declaration from Lauren Hausman detailing efforts to call and email Defendant's counsel after the hearing. (ECF No. 31-1 ¶¶ 3–4.)

Judge Abelson issued his Report and Recommendation on March 8, 2024; Plaintiff filed its objections on March 22, 2024. (ECF Nos. 20, 21). Defendant received a copy of the Report and Recommendation and did not file an objection. (ECF No. 29 ¶ 5.) The court subsequently granted the motion for default judgment and entered judgment in favor of Plaintiff and against Defendant. (ECF No. 22.) The court ordered Defendant to pay Plaintiff $51,461.50 in damages. *Id.*

In the six months that followed, Plaintiff engaged in post-judgment collection efforts, (ECF Nos. 24, 25, 37; ECF No. 31-1 ¶ 5), which included a motion for judgment against Manufacturers and Traders Trust Company as Garnishee (ECF No. 28). Defendant, apparently in response, filed the instant Motion. Defendant, through unsupported assertions by its counsel, now states that it did not receive Plaintiff's objection to the Report and Recommendation or this court's order of default judgment. (ECF No. 29.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), the court "may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b), in turn, provides that on motion and just terms, the court "may relieve a party . . . from a final judgment, order," based on, relevant here, "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). In addition to demonstrating mistake, inadvertence, surprise, or excusable neglect, a party seeking relief from judgment under Rule 60(b) "must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). "When making a motion under Rule 60(b), the party moving for relief 'must clearly establish the grounds therefor to the satisfaction of the district court.'" *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (quoting *Virgin*

2

*Islands Nat'l Bank v. Tyson,* 506 F.2d 802, 804 (3d Cir. 1974)); *see United States v. Britton-Harr*, No. CV LELH-23-01921, 2024 WL 4434861, at *9 (D. Md. Oct. 7, 2024) (same).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417. "Despite the preference for resolution of cases on the merits, motions to vacate or set aside judgments are not always granted." *United States v. Britton-Harr*, No. CV ELH-23-01921, 2024 WL 4434861, at *9 (D. Md. Oct. 7, 2024) (citing cases).

### III. ANALYSIS

Defendant offers no legal argument or evidence in support of its Motion, and instead relies solely upon unsworn assertions of fact proffered by its counsel. For this reason alone, Defendant fails to meet its burden to demonstrate that the relief requested is warranted. Even accepting as true the unsupported assertions in Defendant's Motion, Defendant still fails to meet its burden under Rule 60(b).[3] *See Welsh*, 879 F.3d at 533, *supra*.

#### A. Proffer of a Meritorious Defense

Defendant fails to offer anything in the vein of a meritorious defense. *See Welsh*, 879 F.3d at 533. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citing *Central Operating Co.*

---

[3] Because a Rule 60(b) motion must only be made "within a reasonable time," and no more than a year after entry of the judgment, the court will assume without deciding that Defendant's Motion filed about six months after judgment is timely. *See* FED. R. CIV. P. 60(c)(1). The court notes, however (and as Plaintiff avers), this court has held that such delay was not "within a reasonable time." *See, e.g.*, *Felipe Gonzalez v. Mogotillo Rest., LLC*, No. CV TDC-21-2063, 2023 WL 5608431, at *2 (D. Md. Aug. 30, 2023) (holding that, while a six-month delay did not render the motion "categorically untimely," it was unreasonable under the present circumstances where, *inter alia*, the party "did not realize that he was subject to the judgment until after he learned of the efforts to garnish his bank account"); *Choice Hotels Int'l, Inc. v. Stillwater Joint Venture, LLC*, No. CV DKC 20-2162, 2021 WL 5494535, at *4 (D. Md. Nov. 23, 2021) (noting that a party did not act with reasonable promptness where he waited nearly five months after notice of default judgment to move for relief and "only did so when collection efforts were made").

v. *Utility Workers of America,* 491 F.2d 245, 252 n. 8 (4th Cir. 1974) and *Williams v. Blitz,* 226 F.2d 463 (4th Cir. 1955)). "Although conclusive proof is not required, neither is 'a bare allegation of a meritorious defense' sufficient." *H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 253–54 (D. Md. 2000) (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967)). A bare allegation is all Defendant asserts here— summarily contending that it has "several meritorious defenses" and posing a vague challenge to "[t]he validity of Plaintiff's . . . copyright registrations" as "questionable, at best," because they "may be subject to cancellation." (ECF No. 29 ¶¶ 17, 19.) With nothing more than conclusory, non-specific assertions, no supporting declaration or other evidence, and no legal argument, Defendant fails to make the required proffer of evidence that would permit a finding in its favor, as required for Rule 60(b) relief. *See Augusta Fiberglass Coatings*, 843 F.2d at 812, *supra*.

### B. Unfair Prejudice

Moreover, Defendant does not contend that Plaintiff would not be unfairly prejudiced if judgment were set aside. *See Welsh*, 879 F.3d at 533, *supra*. While "[a] finding of unfair prejudice requires harms beyond those that 'inevitab[ly] result whenever a judgment is vacated," *see Benitez v. MASCO Contractors Inc.*, No. 1:21-CV-0259-CCB, 2022 WL 1451892, at *2 (D. Md. May 9, 2022) (quoting *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993)), it is notable that Plaintiff has litigated this case for over a year and a half—including preparing its default judgment motion, attending two evidentiary hearings on its default judgment motion, and engaging in six months of post-judgment collection efforts. The prejudice to Plaintiff can hardly be described as mere loss of a quick victory; here, Plaintiff would suffer the loss of time, effort, and attorneys' fees associated with more than a year of steadfast litigation efforts (including post-judgment enforcement procedures). *See Benitez*, 2022 WL 1451892, at *2, *supra*. The court is persuaded that vacating its judgment would result in unfair prejudice to Plaintiff.

Defendant thus fails to demonstrate that relief from judgment is warranted under Rule 60(b) as a threshold matter.

## C. Mistake, Inadvertence, or Excusable Neglect

Even if Defendant did satisfy the threshold showing set forth above, it would still not be entitled to relief from this court's order of default judgment under Rule 60(b)(1). "A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (citing *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 177 (2d Cir. 2004)). As this court has previously explained:

> Excusable neglect "is not easily demonstrated, nor was it intended to be." [*Thompson v. E.I. DuPont de Nemours & Co., Inc.,* 76 F.3d 530, 534 (4th Cir. 1996)]. Indeed, "a district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result." *Id.* (citation and quotation marks omitted) (emphasis added in *Thompson*). "'[A] mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing'" for excusable neglect. *Id.* (quoting *In re O.P.M. Leasing Serv., Inc.,* 769 F.2d 911, 917 (2d Cir. 1985)).

*Ward v. Branch Banking & Tr. Co.*, No. CV ELH-13-1968, 2016 WL 4492706, at *5 (D. Md. Aug. 25, 2016). [P]arties have an affirmative duty to monitor the dockets," *see Yeschick v. Mineta*, 675 F.3d 622, 629–30 (6th Cir. 2012) (citing cases), and a lawyer's inattention or ignorance are not "cognizable grounds for relief" under Rule 60(b). *See Robinson*, 599 F.3d at 409 n.7, 413.

Regardless of what paperwork had been completed between Defendant and its counsel, Defendant was represented by present counsel at the March 6, 2024, default judgment hearing before Judge Abelson. (ECF No. 18.) Defendant (and its counsel) well knew that an order on that motion would follow. Defendant acknowledges it received Judge Abelson's Report and Recommendation, and thus was again on notice to file any objection to that Report and Recommendation, and that an order on the motion would follow. (ECF No. 29 ¶ 5.)

5

Despite these facts, as well as undisputed evidence proffered by Plaintiff—evidence of unreturned telephone calls and emails to Defendant's counsel, and communications from Defendant's registered agent about Plaintiff's post-judgment collection efforts—Defendant now asks the court to vacate judgment on the basis of mistake, inadvertence, or excusable neglect. (ECF No. 29 ¶ 16.)  In short, as described above, Defendant knew about the default judgment motion and that the court would rule on it.  Against this backdrop, Defendant's lack of diligence does not constitute mistake, inadvertence, or excusable neglect under Rule 60(b).  *See Robinson*, 599 F.3d at 413 and *Yeschick*, 675 F.3d at 629–30, *supra*; *cf. Deloatch v. Baywood Hotels, Inc.*, No. CV JKB-18-3811, 2021 WL 1061218, at *2 (D. Md. Mar. 18, 2021) ("[A]lthough the challenges Plaintiff has faced in prosecuting her case are sympathetic, they do not render her neglect excusable.").

In view of the foregoing and the facts and circumstances in this case, relief from default judgment is not warranted.

**IV.   REQUEST FOR ATTORNEY'S FEES**

In its opposition to the Motion, Plaintiff requests attorney's fees totaling $4,770.00—$450 per hour for a total of 10.6 hours of attorney time spent in researching and drafting its response to the Motion, as well as compiling the evidence and declarations in support thereto.  (ECF No. 31-2 ¶ 4.)  Defendant filed no reply to the Motion or other response to Plaintiff's request for fees.

Having already found that Plaintiff's counsel is entitled to fees, and that counsel's rate of $450 per hour is reasonable (ECF No. 22), the court is similarly persuaded that Plaintiff's counsel is entitled to attorney's fees spent responding to the Motion and that the 10.6 hours expended is reasonable in view of the thorough depth of the response, as well as its quality and overall complexity.  (ECF No. 31-2 ¶ 4.)  *See Erickson Prods. Inc. v. Kast*, No. 13-CV-05472-DMR, 2022 WL 408436, at *2 (N.D. Cal. Feb. 10, 2022) (noting that the court had "established that a

supplemental award of fees and costs" related to post-judgment collection efforts was "appropriate and would further the objectives of the Copyright Act by encouraging the enforcement of copyrights"); *see also Sky Cable, LLC v. DIRECTV, Inc.*, 23 F.4th 313, 318 (4th Cir. 2022) ("[W]e have held that when a statute contains a fee-shifting provision, attorneys' fees for postjudgment enforcement action are appropriate."). The court will therefore order an additional award of attorney's fees totaling $4,770.00 to Plaintiff's counsel.

## V.  CONCLUSION

For the reasons set forth herein, by separate order, the Motion to Vacate (ECF No. 29) will be denied, and Plaintiff's counsel will be awarded additional attorney's fees of $4,770.00.


November 4, 2024                                   /s/_____
                                                   Julie R. Rubin
                                                   United States District Judge